UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                               :

FARRUKH GANIEV et al.,                         :
                                               :

                        Petitioners,        :            25-CV-10102 (JMF)
                                               :

               -v-                         :            STAY OF REMOVAL
                                             :            AND NOTICE OF
BRYAN FLANAGAN et al.,                    :            <u>CONFERENCE</u>
                                               :

                        Respondents.      :
                                             :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Petitioners have filed a Petition for the writ of habeas corpus under 28 U.S.C. § 2241.
Counsel for all parties shall appear for a conference with the Court on **December 10, 2025** at
**10:00 a.m.**  The conference will be held remotely by telephone in accordance with Rule 3(B) of
the Court's Individual Rules and Practices in Civil Cases, available at https://nysd.uscourts.gov/
hon-jesse-m-furman.  The parties should join the conference by calling the Court's dedicated
conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound
(#) key. When prompted for an attendee ID number, press the pound (#) key again.

      Counsel should confer in advance of the conference and submit a joint letter, no later than
**December 9, 2025** at **5:00 p.m.** indicating whether the conference is necessary and addressing
how the Court should handle the present Petition.  Counsel should also address in the letter —
and be prepared to address at the conference, if it is held — the following:

(1) what developments have occurred since the Petition was filed, including whether
Petitioners were detained at or after their December 4, 2025 appearance;

(2) whether jurisdiction (or venue) is proper in the Southern District of New York given that
Petitioners were (as of the time of filing) apparently subject to a final order of removal
and enrolled in the Intensive Supervision Appearance Program but not currently
physically detained in the Southern District.  *See* ECF No. 1, at 4, 8;

(3) whether Plaintiffs seek as relief only an order preemptively barring their physical
detention and transfer pending the resolution of their motion to reopen their case before
the Board of Immigration Appeals or if they seek release from ICE's "constructive
custody" as well; and

(4) whether this Court has the power to issue such a preemptive order and how that bears on
the ripeness of the Petition for resolution.

If counsel do not believe a conference is required, and that briefing is appropriate, counsel should propose a briefing schedule (expedited or otherwise) in the joint letter.

To preserve the Court's jurisdiction pending a ruling on the Petition, Petitioners shall not be removed from the United States absent further order of this Court. *See, e.g.*, *Khalil v. Joyce*, No. 25-CV-01935 (JMF), 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025) (citing cases); *see also, e.g.*, *Du v. United States Dep't of Homeland Sec.*, No. 25-CV-644 (OAW), 2025 WL 1317944, at *1 (D. Conn. Apr. 24, 2025) ("[A] a federal court may temporarily enjoin immigration authorities from deporting individuals if it preserves the court's jurisdiction over a case or cases."). Moreover, to preserve counsel's access to Petitioners and to facilitate resolution of the Petition, Respondents shall not transfer Petitioners except to a facility within this District, the Eastern District of New York, or the District of New Jersey absent further order of this Court. *See, e.g.*, *Perez y Perez v. Noem*, No. 25-CV-4828 (DEH), 2025 WL 1908284, at *2-3 (S.D.N.Y. June 13, 2025) (enjoining a habeas petitioner's transfer pending adjudication of his petition); *see also, e.g.*, *Arostegui-Maldonado v. Baltazar*, No. 25-CV-2205-WJM-STV, 2025 WL 2280357, at *14-16 (D. Colo. Aug. 8, 2025) (same); *Oliveros v. Kaiser*, No. 25-CV-07117-BLF, 2025 WL 2677125, at *8-9, *11 (N.D. Cal. Sept. 18, 2025) (same).

**All counsel must familiarize themselves with the Court's Individual Rules, which are available at http://nysd.uscourts.gov/judge/Furman.** Absent leave of Court obtained by letter-motion filed before the conference, all pretrial conferences must be attended by the attorney who will serve as principal trial counsel.

If this case has been settled or otherwise terminated, counsel are not required to file the aforementioned letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event. *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, *available at* http://nysd.uscourts.gov/ecf_filing.php.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter-motion filed on ECF and must be received at least 48 hours before the deadline or conference. The written submission must state (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (5) the date of the parties' next scheduled appearance before the Court. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

SO ORDERED.

Dated: December 8, 2025
      New York, New York

_____
JESSE M. FURMAN
United States District Judge